IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

XCEL SOFTWARE, INC.,

v.

DEPOT AMERICA, INC.,

Defendant

CIVIL ACTION NO.:

COMPLAINT

Plaintiff Xcel Software, Inc. ("Xcel" or "Plaintiff"), by its attorneys, Boston Law Group, LLP, for its Complaint against Depot America, Inc. ("Depot America" or "Defendant"), alleges on its own knowledge and otherwise on information and belief as follows:

## INTRODUCTION

1. Xcel brings this action for copyright infringement, breach of contract, violation of Massachusetts General Laws Chapter 93A, and breach of the implied covenant of good faith and fair dealing. As described below, Depot America has violated Xcel's intellectual property rights by unlawfully creating a derivative work of Xcel's copyright-protected computer software program; in doing so, Depot America also has violated the terms of its two license agreements with Xcel. Depot America has deliberately engaged in this illegal behavior in order to enrich itself at the detriment of Xcel.

## PARTIES

2. Plaintiff Xcel Software, Inc. is a Massachusetts corporation with its principal place of business located at 124 Mount Auburn Street, Suite 200N, Cambridge, Massachusetts 02138.

3. On information and belief, Defendant Depot America, Inc. is a New Jersey corporation with its principal place of business located at 1495 Highway 34 South, Farmingdale, New Jersey 07727.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction because this is an action arising under the Copyright Act, 17 U.S.C. §101 et seq., and exclusive original jurisdiction is conferred in accordance with 28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. A substantial part of the events giving rise to the claims described herein occurred in this District, and diversity of citizenship exists between the parties. Venue is thus proper in this District pursuant to 28 U.S.C. § 1391.

6. This dispute also is properly before the Court pursuant to Section 13.5 of the "Xcel Software, Inc. Software License Agreement" between Xcel and Depot America, attached hereto as Exhibit A.

7. Depot America regularly transacts business in Massachusetts and derives substantial revenue from the business it transacts in Massachusetts.

## FACTS COMMON TO ALL COUNTS

### A.  Xcel And Its ServiceWorks Program

8. Xcel's primary product is a computer software program which it licenses

2

to third parties under the name "ServiceWorks." The ServiceWorks program, which was created by Xcel in the mid-1980's and which has been released in several versions since then, is service- and sales-management software: it manages client and contact information, maintains purchase and sales records, stores and manages business information, and aggregates data concerning customers.

9.  Over the past twenty years, Xcel has licensed the ServiceWorks software program to hundreds of third parties, including universities, hospitals, government institutions, utility companies, professional service firms such as law firms, and many others.

10. The ServiceWorks program is protected by multiple United States copyright registrations, including Registration No. TX 5 747-735 (2003) and Registration No. TXu 962-907 (2000). See Exhibit B, copies of the certificates of registration.

11. Xcel has expended substantial resources in creating, promoting and licensing the ServiceWorks software, and demand for this product continues to be strong.

### B.   The Parties' Early Dealings and The 2002 License Agreement

12. Xcel and Depot America first entered into a business relationship in or about 1989, when Depot America licensed an early version of the ServiceWorks software from Xcel. During 1992 or 1993, Depot America licensed a second version of the software from Xcel for use on a new database platform. In connection with both of these early license agreements, Xcel also provided Depot America with support services and customized programming services in order to adapt the ServiceWorks software to Depot America's particular needs.

13. In early 2002, Depot America adopted yet another database platform, and

Xcel agreed to grant Depot America a license for a new version of the ServiceWorks software program to operate in conjunction with that platform. On or about February 1, 2002, Xcel and Depot America first entered into the "Xcel Software, Inc., User License Agreement" ("Agreement One"), which granted individual Depot America employees the right to use this version of the ServiceWorks software, which is still being used by Depot America. A copy of Agreement One is attached hereto as Exhibit C.

14. Agreement One contains the following provision governing Depot America's use of the ServiceWorks software:

> You are licensed to use the Licensed Software for your own internal business purposes on a single or networked personal computer system and to copy the Licensed Software into any machine-readable or printed form for backup or support of that use....You may not reverse engineer, decompile, or disassemble the Licensed Software, transfer the Licensed Software to any third party, or use the Licensed Software to perform services for any third party. Any use or dealings with the Licensed Software other than as this Agreement expressly provides automatically terminates this Agreement.

Agreement One, ¶ "Terms of License."

15. Depot America subsequently purchased individual licenses for each employee who used the ServiceWorks software. Before any employee could begin using the software, he had to accept the terms and conditions of Agreement One by clicking an on-screen button signifying that acceptance.

16. As of July 5, 2004, Depot America had purchased and entered into a total of 115 of the Agreement One licenses from Xcel.

17. After becoming a party to Agreement One in February, 2002, and until the present, Depot America has continued to purchase support services from Xcel on an hourly-billing basis, and Depot America has also continued to retain Xcel to modify or

4

add custom features to the ServiceWorks software program.

### C. The Parties' Second License Agreement

18. In June, 2004, Depot America requested that Xcel create a substantial additional modification to the ServiceWorks software. Upon completion of the programming for the modification, and in consideration of the work it had performed, Xcel provided Depot America with a second, expanded license agreement governing Depot America's continued use of the revised ServiceWorks software. Xcel delivered the modification to Depot America on July 6, 2004, and this second license agreement was first entered into on that day.

19. This agreement, the "Xcel Software, Inc. Software License Agreement" ("Agreement Two"), was again a "clickwrap" agreement: upon first accessing the modified ServiceWorks software, Depot America users were presented with the terms and conditions of the license agreement, and they affirmatively had to consent to those terms before they could begin using the software.

20. To date, at least 92 Depot America employees, including its director of information technology, have entered into Agreement Two with Xcel.

21. Agreement Two contains the following provision limiting the licensee's rights as to the ServiceWorks program:

> Except as specifically permitted in this Agreement, User shall not...
> (iii) copy (except for archival purposes), distribute, manufacture, adapt, create derivative works of, translate, localize, port or otherwise modify the Software[.]

Agreement Two, § 2.1.

### D. Depot America's Acts Of Infringement And Breach

22. As stated, Depot America and Xcel have a business relationship of long

5

standing, and the ServiceWorks software became integral to Depot America's operations. By January 1, 2004, Depot America was paying Xcel approximately $350,000 annually for ServiceWorks licenses, support and customization services.

23.     In or about January, 2004, Depot America hired a new director of information technology, Jerry Gorman. Almost immediately, Gorman made it known that he wanted to reduce the amount of money Depot America was spending on ServiceWorks licenses and services.

24.     From February, 2004 to the present, Xcel's average bill to Depot America has been reduced from approximately $30,000 per month to about $11,000, and continues to decline.

25.     Between Gorman's hiring and the present, Xcel's president, Joseph DiPilato, has been a party to or has learned secondhand of several instances in which Depot America personnel have threatened to "crack the code" and reverse engineer the ServiceWorks software in order to reduce Depot America's reliance on Xcel for technical support, thus diminishing the cost of using the software.

26.     Depot America personnel also have threatened to create a "new" ServiceWorks program by copying the software and adapting it for the company's own purposes.

27.     In February, 2004, Xcel developed a new feature of the ServiceWorks software for Depot America. The feature was a Web portal which permitted one of Depot America's customers (who had no direct relationship with Xcel) to access certain functions of the ServiceWorks software installed on Depot America's Web server.

28.     After programming and installing this feature, Xcel discovered that Depot

6

America, before permitting the third-party customer to access the Web portal, had removed Xcel's copyright notice from the ServiceWorks software and inserted its own copyright notice. Xcel immediately notified Depot America that it had acted improperly in removing the notice, and Depot America restored Xcel's copyright notice.

29. In June, 2004, Depot America hired a software programmer who had knowledge of Structured Query Language ("SQL"), a programming language used to retrieve information from and to update computer databases.

30. Immediately thereafter, Depot America requested that Xcel conduct research as to the addition of several complex database features which would provide additional functionality to Depot America's version of the ServiceWorks software. Xcel performed the research and developed the technical specifications needed to create these features, then provided this information to Depot America, expecting to be retained to do the actual programming work of creating the features. Depot America instead notified Xcel that it would perform this work itself.

31. In late June, sensing that Xcel's business relationship with Depot America was in jeopardy, and mindful of Depot America's earlier threats to copy, reverse engineer, and adapt the ServiceWorks software, Mr. DiPilato traveled to Depot America's offices in New Jersey. There, he reminded several executives, including the company's vice president of sales and marketing, Gorman, and the new SQL programmer, of Depot America's obligation under Agreement One not to modify or copy the ServiceWorks software. Mr. DiPilato also stated that Depot America was permitted to remove, alter, or otherwise modify its own data within the ServiceWorks database, but that the database logic, instructions and program code itself were part of the ServiceWorks software and

thus could not be copied or modified in any way. Depot America's executives indicated that they understood and accepted those obligations.

32.  Mr. DiPilato returned to Boston and Xcel continued to perform its regular maintenance and support services for Depot America. As noted, on July 6, Xcel provided Depot America with a substantial modification to the ServiceWorks software, in conjunction with which Depot America entered into Agreement Two, governing its continued use of the software.

33.  On July 7, Xcel discovered that Depot America had illegally modified the ServiceWorks program by placing software code for several new features (which take the form of a highly-specialized table) within the database logic, instructions and program code of the ServiceWorks software. These features, which had been installed on June 30, were the ones for which Xcel had prepared the technical specifications in June.

34.  Depot America's new SQL programmer apparently had used the technical specifications provided by Xcel to reverse engineer the ServiceWorks software and program the new database features himself. In order to enable this illegal alteration, Depot America had modified the ServiceWorks software to designate the SQL programmer as the owner and author of the ServiceWorks database, thus permitting him to modify the program by adding the code for the new table. Without this modification, the SQL programmer would not have had access to the database logic, instructions and program code.

35.  On July 14, 2004, and in accord with its rights under Agreement One and Agreement Two, Xcel formally notified Depot America that its license to use the ServiceWorks software was being terminated immediately due to the company's breach

of Agreement One and its violations of federal copyright law.

## COUNT ONE
### (Copyright Infringement Under 17 U.S.C. § 101)

36. Xcel repeats and realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint.

37. The copyrights in ServiceWorks program's source code were registered with the United States Copyright Office in compliance with the Copyright Act of 1976 as amended, 17 U.S.C. § 101, et seq., and Copyright Office Regulations. Copies of two registration certificates, which bear registration numbers TXu 962-907 and TX 5 747-735, are attached to this Complaint as Exhibit B and are incorporated herein by reference. These registrations confer upon Xcel the exclusive rights to reproduce or to authorize the reproduction of the ServiceWorks source code and software program, to prepare or to authorize the preparation of derivative works based upon the ServiceWorks source code and software program, to modify the ServiceWorks source code and software program and to distribute the ServiceWorks source code and software program.

38. Xcel has been, and still is, the sole owner of all right, title and interest in and to all copyrights in the ServiceWorks source code and software program and the certificates of registration of copyright. Depot America has reverse engineered and modified the copyrighted work and has used and had dealings with the copyrighted work in ways which exceed its authority under Agreement One; it thereby has infringed Xcel's copyrights in the ServiceWorks source code and software program. Depot America also has fraudulently removed Xcel's copyright notice from the software, in further violation of the agreement and the Copyright Act.

39. Since terminating Agreement One and Agreement Two on July 14, 2004,

Xcel has not authorized Depot America to continue to use, copy, modify or make derivative works of the ServiceWorks source code and software program.

40. By reason of Depot America's acts of copyright infringement, Xcel has suffered, and will continue to suffer, substantial and irreparable damage, as well as diversion of trade and loss of profits in an amount not yet ascertained, and is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502.

41. Xcel is also entitled to recover actual damages and profits in an amount to be determined at trial pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(c), as well as its attorneys' fees, prejudgment interest and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT TWO
### (Breach of Contract as to Agreement One)

42. Xcel repeats and realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 of this Complaint.

43. Xcel has performed each and all of the conditions, covenants, and obligations imposed upon it by the terms of Agreement One.

44. By its conduct outlined above, including the reverse engineering, modification, unauthorized use of, and unauthorized dealings with Xcel's copyrighted material without permission or payment, Depot America has breached Agreement One.

45. As a direct and proximate result of these material breaches by Depot America, Xcel has suffered monetary damages, with interest, in an amount to be determined in this action.

## COUNT THREE
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

46. Xcel repeats and realleges and incorporates by reference the allegations

contained in paragraphs 1 through 45 of this Complaint.

47.   In entering into Agreement One with Depot America, Xcel reposed trust and confidence in Depot America, among other things, to deal with Xcel fairly and not to wrongfully deprive Xcel of its contractual rights. Depot America knew of and accepted such trust and confidence at the time it entered into the Agreements.

48.   In addition to the terms of the agreement, Depot America impliedly covenanted that it would deal with Xcel fairly and in good faith, would not arbitrarily, capriciously, or without good cause deprive Xcel of the benefit of its bargains with Depot America, and would not otherwise engage in unlawful conduct towards Xcel.

49.   By the acts alleged above, Depot America has breached the implied covenants of good faith and fair dealing contained in Agreement One.

50.   As a direct and proximate result of said breaches by Depot America, Xcel has suffered monetary damages, with interest, in an amount to be determined in this action.

**COUNT FOUR**
**(Violation of M.G.L. ch. 93A)**

51.   Xcel repeats and realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint.

52.   Depot America was and is a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws ch. 93A, §§ 1 and 11.

53.   Xcel was and is a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws ch. 93A, §§ 1 and 11.

54. The acts or practices of Depot America as described above constitute materially unfair and/or deceptive methods of competition and/or acts or practices declared unlawful by M.G.L. c. 93A, § 2, and were undertaken willfully and knowingly.

55. As a direct and proximate result of Depot America's violation of M.G.L. ch. 93A, Xcel has suffered, and will continue to suffer, a loss of money or property within the meaning of M.G.L. c. 93A §11 in an amount as yet undetermined.

56. The foregoing conduct of Depot America occurred primarily and substantially within the Commonwealth of Massachusetts and constitutes unfair or deceptive acts or practices in willful and knowing violation of Massachusetts General Laws ch. 93A.

## **RELIEF REQUESTED**

**WHEREFORE,** Xcel respectfully requests that the Court enter judgment in its favor and grant the following relief:

1. That Depot America be held to have infringed Xcel's copyrights in the ServiceWorks software and source code and that an accounting and judgment be rendered for Xcel on Claim I and that Depot America be ordered to pay Xcel:

   (a) the actual damages suffered by Xcel as a result of Depot America's infringement of the ServiceWorks software and source code, in an amount to be determined by the Court;

   (b) prejudgment interest on the actual damages and lost profits suffered by Xcel, calculated at a rate of 10% per annum from the commencement of Depot America's infringing activity to the present; and

    (c)    Xcel's costs of suit in this action, including but not limited to reasonable attorney's fees;

2.    Alternatively, that Depot America be held to have willfully infringed Xcel's copyrights in the ServiceWorks software and source code and that an accounting and judgment be rendered for Xcel on Claim I and that Depot America be ordered to pay Xcel:

    (a)    statutory damages, as to be determined by the Court;

    (b)    Xcel's costs of suit in this action, including but not limited to reasonable attorneys' fees;

3.    That Depot America be required to return the original and all copies of the ServiceWorks software program, including but not limited to Xcel's proprietary source code, as well as any and all derivative works thereof, currently in its possession and be permanently enjoined from any further use of the ServiceWorks software and source code;

4.    That Depot America be held to have breached Agreement One; including the implied covenants of good faith and fair dealing contained therein;

5.    That Xcel be awarded compensatory damages for Depot America's breach of the agreement; including the implied covenants of good faith and fair dealing contained therein;

6.    That Xcel be awarded treble damages pursuant to Massachusetts General Laws ch. 93A, § 11; and

Granting such other and further relief as this Court deems just and equitable under the circumstances.

DATED:     July 15, 2004

                                                Respectfully submitted,

                                                **XCEL SOFTWARE, INC.**

                                                By: _____
                                                Sean Ploen (BBO # 641279)
                                                BOSTON LAW GROUP, LLP
                                                20 Park Plaza, Suite 637
                                                Boston, MA  02116
                                                Tel. (617) 426-6800
                                                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

   Xcel Software, Inc. v. Depot America, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

   04 11581

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Sean Ploen, Esq.; Boston Law Group, LLP
ADDRESS            20 Park Plaza, Suite 637; Boston, MA  02116
TELEPHONE NO.      617/426-6800

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Xcel Software, Inc.
124 Mount Auburn St., Ste. 200N
Cambridge, MA 02138

(b) County of Residence of First Listed Plaintiff **Middlesex, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Depot America, Inc.
1495 Highway 34 South
Farmingdale, NJ 07727

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sean Ploen, Esq.
Boston Law Group, LLP
20 Park Plaza, Suite 637, Boston, MA 02116

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*Original*

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright infringement, breach of contract, unfair and deceptive trade practices under M.G.L. ch. 93A; and breach of the implied covenant of good faith and fair dealing.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $75,000 to be determined at trial
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: July 15, 2004
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____