UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| XCEL SOFTWARE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 04-11581 (REK) |
| v. | : | |
| | : | |
| DEPOT AMERICA, INC., | : | |
| | : | |
| Defendant. | : | |
| | x | |

**TEMPORARY RESTRAINING ORDER AND**
**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Upon the declarations of Joseph Costa, Robert Leonard, Jerry Gorman, Frank Thoennes, and Charles Kennedy filed herewith, the memorandum of law in support of defendant's motion for a temporary restraining order and preliminary injunction, and the representation of defendant's counsel that plaintiff's counsel has been notified that defendant would be appearing at this time before this Court seeking the present order and has been served with the supporting papers, and it appearing to the Court that immediate and irreparable injury will result to defendant's business before a preliminary injunction could be heard, if the request of temporary relief were not granted;

IT IS HEREBY ORDERED that, until further order from the Court, Xcel Software, Inc., its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from discontinuing Xcel's support services for the ServiceWorks program for "per incident support" and shall continue to render the following services during normal working hours:

> Within the support-plan applicable number of hours of receiving a report of a verifiable and reproducible Error and verifying that such an Error is present, (i) initiate work to develop an Error Correction, (ii) use all reasonable diligence to complete development of such Error Correction, (iii) upon completion, provide User at least a "temporary fix" consisting of sufficient programming and operating instructions to enable User to implement the Error Correction, and (iv) include the Error Correction in all subsequent releases of the Product(s).

IT IS FURTHER ORDERED that, Xcel Software, Inc., its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from making any communication, whether oral or in writing, with any person, firm or company believed to be an actual or prospective dealer, representative or customer of Depot America, Inc. in which such communication contains any representation that Depot America has violated Xcel's copyrights, breached its agreements with Xcel or is or will be unable to use the ServiceWorks program;

IT IS FURTHER ORDERED that the plaintiff show cause before this Court on the _____ day of _____, 2004 at _____, or as soon thereafter as counsel may be heard, before the Honorable _____ in Courtroom _____, United States District Court for the District of Massachusetts, at _____, Boston, Massachusetts, why an order, pursuant to Rule 65 of the Federal Rules of Civil procedure, should not be entered granting to defendant a preliminary injunction:

   1.   Enjoining discontinuing Xcel's support services for the ServiceWorks program for "per incident support" and shall continue to render the following services during normal working hours:

> Within the support-plan applicable number of hours of receiving a report of a verifiable and reproducible Error and verifying that such an Error is present, (i) initiate work to develop an Error Correction, (ii) use all reasonable diligence to

complete development of such Error Correction, (iii) upon completion, provide User at least a "temporary fix" consisting of sufficient programming and operating instructions to enable User to implement the Error Correction, and (iv) include the Error Correction in all subsequent releases of the Product(s). .

2.      Requiring Xcel Software, Inc., its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from making any communication, whether oral in writing, with any person, firm or company believed to be an actual or prospective dealer, representative or customer of Depot America, Inc. in which such communication contains any reference to an allegation that Depot America has violated Xcel's copyrights or breached its agreements with Xcel such that Depot America is unable to use the ServiceWorks program; and

IT IS FURTHER ORDERED that the defendant shall have until August \_\_\_\_\_, 2004 at _____ within which to file and serve on plaintiff's attorneys copies of this order and the accompanying memorandum and affidavits in support;

IT IS FURTHER ORDERED that plaintiff's papers in opposition to the motion for preliminary injunction, if any, shall be filed and personally served on defendant's counsel no later than the close of business on August \_\_\_\_\_, 2004, and defendant's reply papers, if any, shall be filed and served not later than the close of business on August \_\_\_\_\_, 2004; and

IT IS FURTHER ORDERED that the plaintiff may apply for a modification of the temporary restraining order upon two days' notice.

SO ORDERED:

Time: _____            _____
Date: _____                            U.S.D.J.

ID # 404005v01/2585-8/ 08.19.2004