IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XCEL SOFTWARE, INC., | |
| Plaintiff | |
| v. | CIVIL ACTION NO. 04-11581 REK |
| DEPOT AMERICA, INC., | **MOTION FOR PRELIMINARY INJUNCTION** |
| Defendant | |

**PLAINTIFF'S MEMORANDUM OF FACTS AND LAW IN SUPPORT OF ITS**

<u>**MOTION FOR PRELIMINARY INJUNCTION**</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...iii

INTRODUCTION………………………………………………………………………….1

I.    STATEMENT OF PERTINENT FACTS……………………………………...1

    A.    The Parties' Business Relationship And License Agreements……..………………………………………………...2

    B.    Xcel's Discovery Of Depot's Acts Of Infringement And Breach…….....……………………………………………………4

    C.    Xcel's Termination Of The Two License Agreements And Depot's Refusal To Comply…………………………………..…..7

II.    POINTS AND AUTHORITIES………………………………………………….8

    A.    The Standard For Grant Of A Preliminary Injunction…………………………………………………………………..8

    B.    Xcel Is Likely To Succeed On The Merits Of Its Copyright Infringement Claim…………………………………………….10

        1.    Xcel Owns A Valid Copyright……………………………….10

        2.    Depot Has Prepared A Derivative Work……………………..10

    C.    Depot's Reverse Engineering Constitutes Both An Infringement Of Xcel's Copyright And A Breach Of Agreement One………………………………………………………...12

        1.    Depot's Reverse Engineering Constitutes Copyright Infringement…………………………………………..12

        2.    Depot's Reverse Engineering Also Constitutes A Breach Of Contract……………………………………………..13

            (a).    A Contract Existed Between Xcel And Depot…………………………………………..13

            (b).    Depot Breached The Contract…………………..14

            (c).    Xcel Has Suffered Damages As A Result Of Such Breach……………………..15

|      |     |                                                                                                                                              |
| ---- | --- | -------------------------------------------------------------------------------------------------------------------------------------------- |
|      | D.  | As To Xcel's Copyright Claim, Irreparable Harm Is Presumed…………………………………………………………..15                                                          |
|      | E.  | The Balance Of Hardships Tips In Xcel's Favor……………………..16                                                                                    |
|      | F.  | The Court Must Presume That An Injunction Would Serve The Public Interest When There Is A Likelihood Of Success On The Copyright Claim………………………………………….16 |
|      | G.  | The Court Should Grant A Preliminary Injunction…………………..17                                                                                   |
| III. |     | SECURITY……………………………………………………………………...17                                                                                                      |
| IV.  |     | REQUEST FOR ORAL ARGUMENT…………………………………..18                                                                                                   |

# TABLE OF AUTHORITIES

**Page(s)**

*AccuSoft Corp. v. Mattel, Inc.*,
   117 F. Supp. 2d 99, 101 (D. Mass., 2000).................................................11, 17

*Amcel Cor. v. Int'l. Exec. Sales, Inc.*,
   1997 U.S. Dist. LEXIS 23543 at 19 (D. Mass. 1997)......................................13

*Baystate Techs. v. Bentley Sys.*,
   946 F. Supp. 1079, 1086 (D. Mass., 1996)................................................11, 14

*Bleistein v. Donaldson Lithographing Co.*,
   23 S. Ct. 298 (1902)..............................................................................11

*Bowers v. Baystate Techs.*,
   320 F.3d 1317, 1326 (Fed. Cir., 2003)........................................................14

*Coll v. PB Diagnostic Systems, Inc.*,
   50 F.3d 1115, 1122 (1st Cir. 1995)............................................................13

*Concrete Machinery Co. v. Classic Lawn Ornaments, Inc.*,
   843 F.2d 600 (1st Cir., 1988)..........................................................15, 16, 17

*Feist Publications v. Rural Tel. Serv. Co.*,
   499 U.S. 340, 361 (U.S., 1991)..................................................................10

*Flomerics Ltd. v. Fluid Dynamics Int'l.*,
   880 F. Supp. 60, 61-62 (D. Mass., 1995)..................................................9, 15

*Ford Motor Co. v. Summit Motor Products, Inc.*,
   930 F.2d 277, 291 (3d Cir., 1991)..............................................................10

*Fritz v. Arthur D. Little, Inc.*,
   944 F. Supp. 95, 97 (D. Mass., 1996).........................................................16

*Helene Curtis Industries v. Church & Dwight Co., Inc.*,
   560 F.2d 1325, 1333 (7th Cir. 1997)..........................................................16

*I. Lan Sys. v. Netscout Serv. Level Corp.*,
   183 F. Supp. 2d 328, 338 (D. Mass., 2002).................................................13

*Klitzner Industries, Inc. v. H. K. James & Co.*,
   535 F. Supp. 1249, 1258 (D. Pa., 1982)......................................................17

*Knickerbocker Toy Co., Inc. v. Winterbrook Corp.*,
  554 F. Supp. 1309, 1317 (D. N.H. 1982)..................................................................11

*Lotus Dev. Corp. v. Borland Int'l.*,
  49 F.3d 807, 813 (1st Cir., 1995).............................................................................10

*Micro-Sparc, Inc. v. Amtype Corp.*,
  592 F. Supp. 33, 34 (D. Mass., 1984).......................................................................10

*Microsystems Software, Inc. v. Scandinavia Online AB*,
  226 F.3d 35, 38 (1st Cir. 2000)................................................................................12

*Paramount Pictures v. Video Broadcasting Systems*,
  724 F. Supp. 808, 819 (D. Kan. 1989).....................................................................10

*Patricia Kennedy & Co. v. Zam-Cul Enters.*,
  830 F. Supp. 53, 55 (D. Mass., 1993).......................................................................10

*Planned Parenthood League of Massachusetts v. Bellotti*,
  641 F.2d 1006, 1009 (1st Cir. 1981)...........................................................................9

*Segrets, Inc. v. Gillman Knitwear Co.*,
  207 F.3d 56, 60 (1st Cir., 2000)................................................................................10

*Sony Computer Entertainment, Inc. v. Connectix Corp.*,
  203 F.3d 596, 599-600 (9th Cir. 2000)....................................................................12

*Tanel Corp. v. Reebok Int'l., Ltd.*,
  774 F. Supp. 49, 50 (D. Mass. 1990)..........................................................................8

**Statutes, Rules & Other Authorities**

17 U.S.C. § 101............................................................................................................11

17 U.S.C. § 106............................................................................................................10

17 U.S.C. § 106(2).......................................................................................................10

17 U.S.C. § 502(a).........................................................................................................9

2 M. Nimmer, Nimmer on Copyright § 8.01[A] (1989)............................................10

3 M. Nimmer, Nimmer on Copyright, § 3.03[A] (1989)...........................................12

13 M. Nimmer, Nimmer on Copyright, Nimmer on Copyright
§ 13.05[D][4] (1989)...................................................................................13